# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. COULTER,<br><br>                Plaintiff,<br>vs.<br><br>GREGORY L. MURRELL, et al.,<br><br>                Defendant. | CASE NO. 10-CV-0102-IEG (NLS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR APPROVAL OF ALTERNATIVE SERVICE OF PROCESS**<br><br>**[Doc. No. 17]** |

Presently before the Court is Plaintiff Michael R. Coulter's ("Plaintiff") ex parte motion for approval of alternative service of process pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. (Doc. No. 11.) For the reasons stated herein, the Court denies the motion.

Plaintiff proceeding *pro se* requests that the Court authorize the law firm currently representing Defendant Agda B. Shelley ("Defendant") in a separate state court action to accept service of process in this case on her behalf. Plaintiff has filed an accompanying declaration asserting that six attempts to serve Defendant at her last two known addresses were unsuccessful. Plaintiff also asserts that Defendant's attorney told him that Defendant has been out of the United States for some time and it is uncertain when she will be returning.

The Court cannot grant Plaintiff's request pursuant to Rule 4(f)(3), which provides for service of an individual in a foreign country. Rule 4(f)(3) states: "Unless federal law provides otherwise, an individual . . . may be served *at a place not within any judicial district of the United States*: . . . (3)

by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3) (emphasis added). While it appears Defendant may be evading service, Plaintiff still must attempt to locate and serve Defendant using the methods set forth in Rule 4(f)(1)-(2) for serving an individual in a foreign country. In the event Plaintiff is unsuccessful, Rule 4(f)(3) allows the Court to approve other means of service. However, that subsection is qualified by the statement at the beginning of Rule 4(f) that "an individual . . . may be served at a place not within any judicial district of the United States." Plaintiff does not cite any authority permitting him to serve the attorney representing the defendant in a separate action.

Accordingly, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

**DATED: March 30, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**