1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

MICHAEL R. COULTER,

CASE NO. 10-CV-102-IEG (NLS)

12
13

Plaintiff,

**ORDER**:

14

vs.

**(1) GRANTING DEFENDANT'S MOTION TO DISMISS PORTIONS OF THE COMPLAINT(Doc. No. 5); and**

15
16

GREGORY L. MURRELL; AGDA B. SHELLEY; and MICHAEL RODDY,

**(2) GRANTING DEFENDANT'S ANTI-SLAPP SPECIAL MOTION TO STRIKE PORTIONS OF THE COMPLAINT(Doc. No. 6).**

17
18

Defendants.

19
20
21
22

Presently before the Court are Defendant Gregory L. Murrell's special motion to strike under California's Anti-SLAPP statute and motion to dismiss portions of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. Nos. 5, 6.)  After briefing and oral argument, the Court grants both motions.

23
24

## FACTUAL BACKGROUND

25

**I.    Underlying Facts**

26
27
28

Plaintiff Michael R. Coulter's ("Plaintiff") claim originates from a partnership he entered into with his half-brother about thirty years ago.  (Compl. ¶¶ 10-12.)  Between 1980 and 1983, Plaintiff acquired $100,000 in Canadian Gold "Mapleleafs."  (Compl. ¶¶ 10-11.)  Plaintiff entered into an oral

agreement with Daniel T. Shelley ("Shelley"), Plaintiff's half-brother, for Shelley to invest the money. (Compl. ¶ 12.)   Pursuant to the agreement, Shelley was to return five percent on the investment to Plaintiff, or his designee; maintain $100,000 in liquid assets to be at Plaintiff's disposal; and secure a life-insurance policy for $100,000 naming Plaintiff, or his designee, as beneficiary. (Compl. ¶ 12.)

In 1991, Plaintiff assigned his interest in the initial $100,000, but not in the return on any investments, to his son, David P. Coulter ("David"). (Compl. ¶ 13.)  Plaintiff alleges $65,000 of the original $100,000 had been paid either to him or David as of February 2009. (Compl. ¶ 13.)  Shelley allegedly earned in excess of $300,000 from various investments made using Plaintiff's original $100,000. (Compl. ¶ 14.)

On or about December 29, 2008, Shelley and his wife, Defendant Agda B. Shelley ("Agda"), met with attorney Defendant Gregory L. Murrell ("Murrell") for the preparation of their wills and to establish the "Daniel and Agda Shelley Family Trust" ("D & A Trust"). (Compl. ¶ 37.)  Shelley died on February 21, 2009. (Compl. ¶ 8.)

Murrell allegedly represented to Plaintiff that neither Shelley's will nor the family trust contained any provision regarding Plaintiff, or anyone with the last name "Coulter," including David. (Compl. ¶ 40.)  Murrell denied Plaintiff's request to see a copy of the will or trust because he was not named a beneficiary in either document. (Compl. ¶ 40.)  According to Plaintiff, the D&A Trust did in fact provide for bequests of $30,000 to each of his two children, and to Plaintiff's niece. (Compl. ¶ 23.)

## II.     State Court Estate Action

On April 15, 2009, Plaintiff and David filed suit in San Diego Superior Court against Agda, the D & A Trust, and Shelley's estate for breach of contract and for funds owed them by Shelley's estate (the "Estate Action"). (Def.'s Req. for Jud. Not. in Supp. of Mot. to Strike (hereinafter "RJN"), Ex. D at 26.)[1]

---

[1] The Court grants Murrell's request for judicial notice of the following documents: (1) Plaintiff's Complaint initiating the instant action; (2) Plaintiff's state court complaint initiating the Estate Action; (3) the state court Order entering dismissal of the Estate Action; (4) Plaintiff's second state court complaint against Murrell; and (5) the state court Tentative Ruling granting Murrell's Anti-SLAPP Motion to Strike (which the state court confirmed on October 30, 2009). (RJN, Exs. A-E.) These are public records properly subject to judicial notice, and consideration of them "does not convert a Rule 12(b)(6) motion to one for summary judgment." See Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986),

Murrell contacted Plaintiff on behalf of Agda and offered to settle the Estate Action for $30,000, in return for a dismissal with prejudice by Plaintiff and David.  (Compl. ¶ 20.)  Murrell allegedly represented that the $30,000 was for settlement of the $35,000 due from Plaintiff's original $100,000.  (Compl. ¶ 20.)  Murrell further represented that any money due Plaintiff from the partnership would be paid out of the estate in the Probate Court.  (Compl. ¶ 20.)

Plaintiff accepted the offer, received the $30,000, and gave Murrell an executed Request for Dismissal with Prejudice.  (Compl. ¶ 22(B).) (RJN, Ex. C at 25.)  Murrell later allegedly attempted to characterize the $30,000 settlement payment as satisfaction of the bequests in the D&A Trust. On July 24, 2009, Murrell filed the Request for Dismissal with Prejudice.  (Decl. of Murrell in Supp. of Mot. to Strike ("Murrell Decl.") ¶ 10.)  Plaintiff alleges the Clerk's Office for San Diego Superior Court, through its Executive Officer, Defendant Michael Roddy ("Roddy") declined to accept the Request for Dismissal with Prejudice because the form was out-dated.  (Compl. ¶ 3.)  According to Murrell, he did not know about the rejection until after Plaintiff filed his second state court action, discussed below.  (Murrell Decl. ¶ 12.)

On November 16, 2009, the state court granted Agda's Application Requesting Entry of Dismissal with Prejudice of the Estate Action.  (RJN, Ex. C.)

**III.    Second State Court Action**

On June 23, 2009, one month prior to Plaintiff executing the Request for Dismissal with Prejudice of the Estate Action, Plaintiff filed a second suit in San Diego Superior Court against Agda and Murrell, alleging fraud, breach of oral contract, claim and delivery, partnership accounting, money had and received, and conspiracy (the "State Court Action").  (RJN, Ex. D. Doc.)  Murrell filed an anti-SLAPP special motion to strike the causes of action for fraud and conspiracy, which the state court granted on October 30, 2009.  (RJN, Ex. E at 40.)  According to Plaintiff's opposition, the State Court Action is currently being appealed.

//

//

*abrogated on other grounds by* <u>Astoria Fed. Sav. & Loan Ass'n v. Solimino</u>, 501 U.S. 104, 111 (1991).

1

**PROCEDURAL BACKGROUND**

2

3

On January 14, 2010, Plaintiff proceeding *pro se* and *in forma pauperis* commenced this

4

action in federal court against Murrell, Agda, and Roddy, alleging eight causes of action: (1)

5

violation of 42 U.S.C. § 1983; (2) fraud; (3) breach of contract; (4) partnership accounting; (5)

6

money had and received; (6) conspiracy; (7) negligence; and (8) a request for preliminary and

7

permanent injunctions.  (Doc. No. 1.)  Murrell filed an anti-SLAPP special motion to strike the

8

causes of action against him for fraud, conspiracy, and violation of § 1983, and a motion to

9

dismiss the § 1983 cause of action.[2]  (Doc. Nos. 5, 6.)

**DISCUSSION**

10

**I.      Motion to Dismiss**

11

**A.      Legal Standard**

12

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests

13

the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v.

14

Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pled in the

15

complaint as true, and must construe them and draw all reasonable inferences from them in favor

16

of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).

17

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief

18

that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "[A]

19

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

20

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

21

Twombly, 550 U.S. at 555 (citation omitted).  A court need not accept "legal conclusions" as true.

22

Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  In spite of the deference the court is

23

bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the

24

[plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . .

25

laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State

26

Council of Carpenters, 459 U.S. 519, 526 (1983).

27

28

[2] Plaintiff filed one opposition in response to both motions.  Plaintiff attaches and incorporates by reference his previous opposition to Murrell's anti-SLAPP motion in the State Court Action.  (Pl.'s Opp'n to Def.'s Mot. to Strike, Ex. 1.)

**B.      Analysis of Motion to Dismiss**

Plaintiff alleges Murrell conspired with the Clerk's Office for San Diego Superior Court to reject the Request for Dismissal with Prejudice, depriving Plaintiff of his due process right to access to the courts.

Plaintiff fails to state a claim for violation of § 1983 because he does not sufficiently allege Murrell acted under color of state law.   To state a claim under § 1983, a "plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law." Lopez v. Dep't of Health Services, 939 F.2d 881, 883 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986)).  Normally acts of a private party are not acts under color of state law. Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  However, "[p]rivate parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights." Dennis v. Sparks, 449 U.S. 24, 27 (1980).

Plaintiff alleges Murrell and Agda "conspir[ed] between themselves and the employees and deputies of the Clerk's office." (Compl. ¶ 4.)  However, "[t]o establish liability for a conspiracy in a § 1983 case, a plaintiff must 'demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." Crowe v. County of San Diego, 593 F.3d 841, 875 (9th Cir. 2010) (quoting Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999)). "Bare assertions" of a private party's conspiracy or joint action with a state actor are not enough to survive a motion to dismiss. See Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000).

Plaintiff asserts that Defendants were acting under color of state law (Compl. ¶ 16), but fails to allege any agreement between the parties or provide any factual support.[3] Accordingly, the Court grants Murrell's motion to dismiss Plaintiff's § 1983 cause of action.

//

//

---

[3]Plaintiff also argues that state-law immunity and privilege statutes should not apply to a § 1983 claim. Plaintiff relies on Kimes v. Stone, 84 F.3d 1121 (9th Cir. 1996), in which the court held that California's litigation privilege is inapplicable as a bar to a federal civil rights claim under § 1983. However, Murrell only raises the issue of state law immunity and privilege with respect to Plaintiff's causes of action for fraud and conspiracy.

1
2

## II.     Anti-SLAPP Special Motion to Strike

3
### A.     Legal Standard

4          Murrell brings an anti-SLAPP special motion to strike Plaintiff's causes of action for fraud

5    and conspiracy, pursuant to California Code of Civil Procedure section 425.16, known as the

6    "anti-SLAPP" statute. [4] A Strategic Lawsuit Against Public Participation ("SLAPP") is "one in

7    which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant

8    that are protected by the federal or state constitutions." Vess v. Ciba-Geigy Corp. USA, 317 F.3d

9    1097, 1109 (9th Cir. 2003).  The California Legislature adopted the anti-SLAPP statute in order to

10   "allow early dismissal of meritless first amendment cases aimed at chilling expression through

11   costly, time-consuming litigation." Id. at 1109.  If a lawsuit arises from protected activities, a

12   plaintiff is subject to the anti-SLAPP special motion to strike "unless the court determines that the

13   plaintiff has established that there is a probability that the plaintiff will prevail on the claim." CAL.

14   CIV. PROC. CODE § 425.16(b)(1).

           An anti-SLAPP special motion to strike requires a two-step inquiry.  See Vess, 317 F.3d at

15   1110.  To satisfy the first prong, a defendant must establish that the challenged lawsuit arose from

16   that defendant's acts in "furtherance of the [defendant's] right of petition or free speech." CAL.

17   CIV. PROC. CODE § 425.16(b)(1).  The statute provides that an "act in furtherance" of those rights

18   includes "any written or oral statement or writing made before a . . . judicial proceeding" or "in

19   connection with an issue under consideration by . . . a judicial body." Id. § 425.16(e).

20         Step two of the inquiry shifts the burden to the plaintiff to "establish by a 'reasonable

21   probability" that the plaintiff will succeed on the merits of the challenged claims. Newsham v.

22   Lockheed Missiles & Space Co., 190 F.3d 963, 971 (9th Cir. 1999).  Plaintiff is required to "make

23   a 'prima facie showing of facts which would, if credited, support a judgment in his favor.'" Greka

24   Integrated, Inc. v. Lowrey, 133 Cal. App. 4th 1572, 1580 (2005) (quoting Conroy v. Spitzer, 70

25   Cal. App. 4th 1446, 1451 (1999)).  This "implies a requirement of admissibility, because

26   _____

27        [4]California's anti-SLAPP statute only applies to Plaintiff's pendant state law claims, and does not apply to the
     federal § 1983 claim.  See Globetrotter Software, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999). Murrell argues in the anti-
     SLAPP special motion to strike that he is immunized from Plaintiff's § 1983 claim under the Noerr- Pennington doctrine,
28   which is analogous to the anti-SLAPP statute.  Because Plaintiff has not stated a claim for violation of § 1983, the Court
     need not address this argument.

'otherwise there would be nothing for the trier of fact to credit.'" Evans v. Unkow, 38 Cal. App. 4th 1490, 1497 (1995). If the court finds, as a matter of law, "the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support," it should grant the motion to strike. Wilson v. Parker, Covert & Chidester, 28 Cal. 4th 811, 821 (2002).

**B.     Analysis of Anti-SLAPP Special Motion to Strike**

       1.     Protected Petitioning or Free Speech Activities

Murrell has satisfied the first prong because Plaintiff's causes of action for fraud and conspiracy arose from Murrell's acts in "furtherance of [his] right of petition or free speech." Plaintiff's claims arise out of alleged statements that Murrell made during settlement negotiations related to the Estate Action. (Compl. ¶ 20.) It is well established that conduct within the context of negotiating the resolution of pending litigation qualifies as a protected activity under the anti-SLAPP statute. Navellier v. Sletten, 29 Cal. 4th 82, 82-87 (2002) (defendant's negotiation and execution of the "release from claims" agreement, and statements regarding the agreement); Dowling v. Zimmerman, 85 Cal. App. 4th 1400 (2001) (attorney's representation of clients either in negotiating a settlement or in writing letter in connection with the lawsuit); Navarro v. IHOP Prop., Inc., 134 Cal. App. 4th 834, 837-38 (2005) (alleged false promises made in negotiating the settlement); Cabral v. Martins, 177 Cal. App. 4th 471 (2009) (attorneys' actions in revising estate planning documents, lodging the will and initiating probate, and defending clients in the plaintiff's previous court proceedings).

Contrary to Plaintiff's contention, Murrell's actions do not fall within the narrow exception recognized in Flatley v. Mauro for conduct that is determined illegal as a matter of law "either through defendant's concession or by uncontroverted and conclusive evidence." 39 Cal. 4th 299, 320 (2006). Plaintiff argues that Murrell committed the crime of theft by false pretenses, but Plaintiff's claim is unsupported by uncontroverted and conclusive evidence, and Murrell does not concede criminal culpability.

//

//

2.      Reasonable Probability of Success on the Merits

Because Murrell satisfied the first prong, the burden shifts to Plaintiff to "establish by a reasonable probability" that he will succeed on the merits of the challenged causes of action for fraud and conspiracy.   The Court addresses each claim in turn.

a.      *Plaintiff's Claim for Fraud*

Plaintiff alleges Murrell made three misrepresentations, which induced Plaintiff and David to dismiss the Estate Action.[7]  (Compl. ¶¶ 23-24.)   First, Plaintiff alleges Murrell represented that the investment earnings due to Plaintiff would be paid out in the probate court following an accounting. (Compl.¶ 20; Pl.'s Opp'n, Ex.2. at 7.) According to Plaintiff, however, insufficient assets may exist to satisfy his claims in probate court.  (Compl. ¶ 22.)  Second, Plaintiff alleges Murrell represented that the $30,000 settlement was for the $35,000 remaining on the initial $100,000 investment, but Murrell later characterized the settlement sum of $30,000 as satisfying the bequests to Plaintiff's children under the D & A Trust. (Compl.¶¶ 20, 23; Pl.'s Opp'n, Ex.2. at 7, 9-10.)  Finally, Plaintiff alleges Murrell represented that neither Plaintiff nor anyone with the last name "Coulter" were beneficiaries under either Shelley's will or the D & A Trust, when in fact, two of his children and his niece were beneficiaries. (Compl. ¶¶ 20, 23; Pl.'s Opp'n, Ex.2. at 6, 9.) Plaintiff claims that had he known this, he would not have executed the request for dismissal of the Estate Action.  (Compl. ¶ 23.)

Plaintiff cannot prevail on the merits of the cause of action for fraud because all of the alleged misrepresentations occurred within the settlement negotiations of the Estate Action, and California's litigation privilege protects communications made in the course of settlement negotiations, unless they are the evidentiary subject of an abuse of process claim.[8]  Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., 42 Cal. 3d 1157, 1167-68 (1986); see also Asia Inv. Co. v. Borowski, 133 Cal. App. 3d 832, 843 (1982).  The privilege, set forth in

[7]Plaintiff also attaches a declaration from him and a declaration from his son David, which were the same declarations that Plaintiff filed in support of his opposition to the anti-SLAPP motion in the State Court Action.  (Pl.'s Opp'n to Murrell's Mot. to Strike, Exs. 2 & 3.)  Only the declaration from David is signed.  At oral argument, Plaintiff stated under oath that everything Plaintiff stated in his declaration was true.

[8] Plaintiff also argues that the privilege does not apply to Murrell's alleged alteration of the D&A Trust.  However, Plaintiff's Complaint does not contain any allegations regarding an alleged alteration of the D&A Trust.

California Civil Code section 47(b), protects any "publication or broadcast" made in a judicial proceeding or "in the initiation or course of any other proceeding authorized by law." CAL. CIV. CODE § 47(b). The privilege has been extended to reach any communications and all torts, except for malicious prosecution. Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990). The privilege extends to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Id. This "absolute privilege" has been applied to cases involving even fraudulent communication or perjured testimony. Flatley, 39 Cal. 4th at 322 (quoting Silberg, 50 Cal. 3d at 218). Thus, Murrell's alleged conduct is covered by the litigation privilege, and any evidence offered by Plaintiff is insufficient as a matter of law.

Plaintiff correctly points out that the litigation privilege does not apply to cases of extrinsic fraud. "Fraud is extrinsic when the defrauded party was deprived of the opportunity to present his or her claim or defense to a court." Edwards v. Centex Real Estate Corp., 53 Cal. App. 4th 15, 41 (Ct. App. 1997). The fraud that Plaintiff has alleged, however, - misrepresentations made to induce Plaintiff to settle the litigation - constitutes intrinsic fraud covered by the litigation privilege. See id. (misrepresentations regarding the extent of the damage to property and the required repairs in order to induce plaintiffs to execute releases); Home Ins. Co. v. Zurich Ins. Co., 96 Cal. App. 4th 17, 22-26 (Ct. App. 2002) (attorney's misrepresentation of available insurance policy limits to induce the settlement of a lawsuit); Navarro, 134 Cal. App. 4th at 844 (misrepresentations about defendant's intentions with regard to the settlement terms). Moreover, "[w]here a civil judgment is procured by extrinsic fraud, the normal remedy is to seek equitable relief from the judgment, not to sue in tort." Rubenstein v. Rubenstein, 81 Cal. App. 4th 1131, 1147 (2000) (citations omitted); see also Home Ins. Co. v. Zurich Ins. Co., 96 Cal. App. 4th 17, 26 (Ct. App. 2002) ("[T]he litigation privilege does not apply to an equitable action to *set aside a settlement agreement* for extrinsic fraud") (emphasis added).

Plaintiff also argues the litigation privilege does not apply, relying on Shade Foods, Inc. v. Innovative Prods. Sales & Marketing, Inc., 93 Cal. Rptr. 2d 364, 411 (Ct. App. 2000). However, unlike that case, Plaintiff does not seek to use the statements solely for evidentiary purposes in

- 9 -                                                                10cv102

establishing intent. Here, the privileged statements are the basis for liability. "[T]he privileges of Civil Code section 47, unlike evidentiary privileges . . . , operate as limitations upon liability." Id. at 411.

In any event, Plaintiff lacks standing to assert his claim of fraud to the extent his alleged injury is the loss of the $35,000 due from the original $100,000 investment, as Plaintiff assigned his interest in the $35,000 to David. (Compl. ¶ 13.) Finally, it is not apparent that Murrell's alleged statement that any funds due Plaintiff from Shelley's estate would be paid out in probate is a misrepresentation, just because Plaintiff alleges there might not be sufficient assets left to satisfy Plaintiff's claims in probate court. (Compl. ¶ 22.)

b. <em>Plaintiff's Claim for Conspiracy</em>

Plaintiff also fails to demonstrate a reasonable probability of succeeding on the merits of his conspiracy claim. Plaintiff alleges Murrell and Agda conspired between themselves, "being well aware of . . . Shelley's mental infirmities," to defraud Plaintiff of money due him on the partnership by "causing" Shelley to execute his will and the D & A Trust without any provision for Plaintiff. (Compl. ¶¶ 37-38.) Plaintiff contends that Shelley repeatedly assured him that provision of at least $200,000 would be made for Plaintiff in the will. (Pl.'s Opp'n Mot. Strike, at 38, Ex. 2.)

Plaintiff has not satisfied California Civil Code § 1714.10, which provides that no cause of action for conspiracy between an attorney and a client may be brought unless the court - upon a determination that there is a reasonable probability that the party will prevail on the claim - enters an order allowing the pleading.[12] CAL. CIV. CODE § 1714.10. Plaintiff's claim does not fall within

---

[12] Section 1714.10 provides in pertinent part:

(a) No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action. The court may allow the filing of a pleading claiming liability based upon such a civil conspiracy following the filing of a verified petition therefor accompanied by the proposed pleading and supporting affidavits stating the facts upon which the liability is based. . . .

(b) Failure to obtain a court order where required by subdivision (a) shall be a defense to any action for civil conspiracy filed in violation thereof. . . .

- 10 -

the statutory exception available where the attorney at whom the conspiracy claim is directed had an "independent legal duty to the plaintiff." [13] Id. § 1714.10(c). A decedent's estate planning attorney does not owe a duty to a non-party, potential beneficiary, when the will or trust is properly executed and free of other legal defects. Chang v. Lederman, 172 Cal. App. 4th 67, 82 (2009). Plaintiff does not provide any evidence of undue influence upon Shelley. See Estate of Marler, 148 Cal. App. 2d 30, 37 (1957) (holding that a simple allegation that a will was obtained by fraud and undue influence upon the decedent was alone "but a pure legal conclusion without setting forth the facts supporting it."). "Testamentary capacity is always presumed to exist unless the contrary is established," and illness does not in itself indicate incapacity. Hiemstra v. Huston, 12 Cal. App. 3d 1043, 1047 (1970) (citing Estate of Locknane, 208 Cal. App.2d 505, 510 (1962)).

Plaintiff cites Pavicich v. Santucci, 85 Cal. App. 4th 382 (2000), in which the court held an attorney had a duty to disclose material facts during meetings with plaintiff where plaintiff was potentially going to enter into a joint venture with the attorney's clients. However, unlike this case, "[t]he attorney in Pavicich was purporting to give legal advice to the plaintiff to enable the plaintiff to decide whether or not to invest in the venture, and therefore owed the plaintiff an independent duty not to lie." Panoutsopoulos v. Chambliss, 157 Cal. App. 4th 297, 307 (2007).

## CONCLUSION

The Court HEREBY ORDERS:

1.      Murrell's motion to dismiss Plaintiff's cause of action for violation of § 1983 is GRANTED without prejudice.

2.      Murrell's anti-SLAPP special motion to strike Plaintiff's causes of action for fraud and conspiracy is GRANTED with prejudice. Murrell is entitled to mandatory attorney's fees and costs, pursuant to CAL. CIV. PROC. CODE § 425.16(c)(1).

3.      Plaintiff may file an amended complaint **within 20 days of the filing of this Order**. The amended complaint must be a complete document without reference to any prior

---

CAL. CIV. CODE § 1714.10.

[13]Because Plaintiff's claims are barred by the litigation privilege and court-order requirement in California Civil Code § 1714.10, the Court does not reach Murrell's argument that the California attorney-client privilege bars the lawsuit.

10cv102

pleading, and must not add any new causes of action.  Consistent with this Order, **the amended complaint will delete the causes of action for fraud and conspiracy against Murrell**.

      **IT IS SO ORDERED.**

**DATED:  March 30, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

- 12 -