# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL R. COULTER, | CASE NO. 10-CV-102-IEG (NLS) |
|---|---|
| Plaintiff, | **ORDER**: |
| vs. | **(1) GRANTING DEFENDANT GREGORY MURRELL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. No. 24); and** |
| GREGORY L. MURRELL; AGDA B. SHELLEY; and MICHAEL RODDY, | **(2) GRANTING DEFENDANT GREGORY MURRELL'S MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 25).** |
| Defendants. | |

Presently before the Court is Defendant Gregory L. Murrell's ("Defendant") motion to dismiss Plaintiff Michael Coulter's ("Plaintiff") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 24.) Also before the Court is Defendant's motion for attorneys' fees and costs, pursuant to the California anti-SLAPP motion to strike, California Code of Civil Procedure § 425.16. (Doc. No. 25.)

These motions are suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons set forth herein, the Court GRANTS both motions.

## FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's First Amended Complaint ("FAC"). This matter involves Plaintiff's state Superior Court lawsuit against the estate of Daniel T. Shelley for money owed him from a joint investment. Defendant is the attorney representing the estate of Daniel T. Shelley in Plaintiff's state court action.

According to Plaintiff, Defendant obtained a Request for Dismissal of the state court action from Plaintiff on an "outdated form," knowing the form would not be accepted by the state court clerk's office. Plaintiff alleges Defendant's actions prevented him from proceeding with the state court action, in violation of his due process rights. In addition, during the six-month period between the date Plaintiff signed the Request for Dismissal and the date the state court finally dismissed the action, the estate of Daniel T. Shelley was depleted, leaving nothing to satisfy his claims. Plaintiff alleges Defendant acted under color of state law, by "previously confirming with the state court clerk's office . . . that the outdated dismissal would not be accepted."

## PROCEDURAL BACKGROUND

On January 14, 2010, Plaintiff proceeding *pro se* and *in forma pauperis* filed a Complaint in this Court against Defendants Murrell, Agda Shelley (Daniel T. Shelley's wife), and Michael Roddy (Executive Officer of the Superior Court Clerk's Office). The original Complaint alleged eight causes of action: (1) violation of 42 U.S.C. § 1983; (2) fraud; (3) breach of contract; (4) partnership accounting; (5) money had and received; (6) conspiracy; (7) negligence; and (8) a request for preliminary and permanent injunctions. (Doc. No. 1.) Defendant filed an anti-SLAPP special motion to strike the causes of action against him for fraud, conspiracy, and violation of § 1983. (Doc. No. 5.) At the same time, Defendant also filed a Rule 12(b)(6) motion to dismiss the § 1983 cause of action. (Doc. No. 6.)

On March 30, 2010, the Court granted Defendant's anti-SLAPP motion, and dismissed Plaintiff's fraud and conspiracy claims with prejudice. The Court further ordered that Defendant was entitled to mandatory attorneys' fees, under the anti-SLAPP statute. The Court also granted Defendant's motion to dismiss Plaintiff's § 1983 cause of action, finding Plaintiff had not sufficiently alleged Defendant was acting under color of state law. (Doc. No. 21.)

On April 20, 2010, Plaintiff filed the FAC, alleging one cause of action for violation of § 1983. Defendant subsequently filed the instant Rule 12(b)(6) motion to dismiss the FAC, again arguing Plaintiff failed to sufficiently allege state action. Plaintiff filed an opposition, and Defendant filed a reply. Defendant also filed the instant motion for attorneys' fees and costs incurred in connection with his successful anti-SLAPP motion. Plaintiff has not filed an opposition to the motion for attorneys' fees. The Court addresses each motion in turn.

## DISCUSSION

### I. Motion to Dismiss

#### A. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

#### B. Analysis of Motion to Dismiss

Plaintiff's FAC alleges Defendant conspired with the Clerk's Office for the San Diego Superior Court to reject the Request for Dismissal, depriving Plaintiff of his due process rights.

The Court finds Plaintiff fails to state a claim for violation of § 1983, because he does not sufficiently allege Defendant acted under color of state law. To state a claim under § 1983, a "plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law." Lopez v. Dep't of Health Services, 939 F.2d 881, 883 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986)). Here, Plaintiff alleges:

> Gregory Murrell acted under color of state law in doing the things alleged herein, not because of his status as an attorney, but because he cooperated with and participated in the clerk's office not filing the Request for Dismissal - a state agency function - through previously confirming with the state court clerk's office, above, that the outdated dismissal would not be accepted, and he then later filed the Dismissal - a state agency function - well knowing that it would ultimately be rejected by the clerk's office due to the policies and regulations established by Michael Roddy, and the delay would enable Agda Shelley to deplete the assets of Daniel Shelley's estate that would have been available for satisfaction of plaintiff's claims . . . .

(FAC ¶ 5.) Normally, acts of a private party are not acts under color of state law. Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). However, a person may become a state actor by conspiring with a state official, by engaging in joint action with state officials, or by becoming so closely related to the State that the person's actions can be said to be those of the State itself. Id. at 708. Plaintiff fails to allege sufficient facts to support the theory that Defendant acted jointly with a state actor.

In his opposition, Plaintiff contends he sufficiently alleged joint action.[2] However, to be engaged in joint action, "a private party must be a 'willful participant' with the State or its agents in an activity which deprives others of constitutional rights." Brunette v. Humane Society of Ventura County, 294 F.3d 1205, 1211 (9th Cir. 2002) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)). The allegations in Plaintiff's FAC make clear that the clerk's office only confirmed for Defendant that Defendant's outdated form would not be accepted for filing. These facts are insufficient to allege the level of cooperation necessary to rise to the level of joint action. See

---

[2] Plaintiff asserts he is not alleging a conspiracy. Indeed, Plaintiff's FAC deleted the allegation from his original Complaint that Defendant and Agda "conspir[ed] between themselves and the employees and deputies of the Clerk's office." (Compl. ¶ 4.)

Mathis v. Pac. Gas & Elec. Co., 75 F.3d 498, 503 (9th Cir.1996) (to be engaged in joint action, the private party's actions must be "inextricably intertwined" with those of the government); Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir.1989) (requiring a showing of "substantial cooperation" between the private party and the government).

Accordingly, the Court dismisses Plaintiff's FAC with prejudice.

## II.     Motion for Attorneys' Fees

Also before the Court is Defendant's motion for attorneys' fees pursuant to California Code of Civil Procedure § 425.16. For the reasons set forth below, the Court grants Defendant's motion and awards attorneys' fees in the amount of $6,372.90.

### A.     Legal Standard

Pursuant to Section 425.16, "[i]n any action subject to [the anti-SLAPP special motion to strike], a prevailing defendant . . . shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Code § 425.16(c). "[B]y its terms, . . . section 425.16 permits the use of the so-called lodestar adjustment method" to calculate the amount of the fee. Ketchum v. Moses, 24 Cal. 4th 1122, 1130 (Cal. 2001). The "lodestar" amount comprises "the number of hours reasonably expended multiplied by the reasonable hourly rate." Id. at 1134. This figure may then be adjusted by the Court based upon factors such as "(1) the novelty and difficulty of the questions involved; (2) the skill displayed in presenting them; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; and (4) the contingent nature of the fee award." Id. at 1132. Included within the amount of fees, the Ketchum court also stated, should be the "fees incurred in enforcing the right to mandatory fees" under the anti-SLAPP statute. Id. at 1141.

### B.     Analysis of Motion for Attorneys' Fees

Defendant requests attorneys' fees in the amount of $11,443.40 for expenses incurred in connection with his successful anti-SLAPP motion, including the offering of "alternative theories of defense." Alternatively, Defendant requests $8,222.90, which represents fees and costs related exclusively to the anti-SLAPP motion. For the reasons stated below, the Court finds Defendant is entitled to $6,372.90.

### 1.     Alternative Legal Theories

Defendant argues he is entitled to attorneys' fees incurred in asserting the alternative theory of defense that "dismissal of the Section 1983 claim was also warranted under Rule 12(b)(6)."  (Def.'s Mot. for Attorneys' Fees at 4:26-27.)   Defendant relies on Metabolife Int'l, Inc. v. Wornick, 213 F. Supp. 2d 1220, 1221-24 (S.D. Cal. 2002), in which the court stated a prevailing anti-SLAPP defendant may recover all attorneys' fees and costs "incurred in connection with" the anti-SLAPP motion.

The Court finds Defendant is not entitled to fees incurred in bringing the 12(b)(6) motion to dismiss the original Complaint, because these fees were not "incurred in connection" with the anti-SLAPP motion.  In the March 30, 2010 Order granting Defendant's anti-SLAPP motion, the Court explained the California anti-SLAPP statute applies to pendant state law claims, but not to federal question claims.  See Globetrotter Software v. Elan Computer Group, Inc., 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999); In re Bah, 321 B.R. 41, 46 (BAP 9th Cir. 2005) ("We . . . agree with the Globetrotter court that the anti-SLAPP statute may not be applied to matters involving federal questions . . .").  The Court therefore granted the anti-SLAPP motion as to Plaintiff's fraud and conspiracy claims, but declined to apply the anti-SLAPP statute to the federal § 1983 cause of action.  Thus, Defendant's 12(b)(6) motion was not an alternative theory to the anti-SLAPP motion.

The case Defendant relies on, Metabolife, is distinguishable from the present case.  In Metabolife, the prevailing defendant was awarded attorneys' fees relating to a motion to dismiss (asserting lack of personal jurisdiction and improper venue) filed at the same time as the anti-SLAPP motion.  However, in Metabolife, the entire lawsuit was subject to the anti-SLAPP motion, and "all of the activity by [defendant's] attorneys occurred in the context of, and were inextricably intertwined with, the anti-SLAPP motion."  Id. at 1223.  Here, Defendant's 12(b)(6) motion and the anti-SLAPP motion were not "inextricably intertwined" and did not share any common legal or factual issues.[3]

---

[3]Plaintiff's fraud and conspiracy claims alleged in the original Complaint arose out of statements made by Defendant during settlement negotiations related to the state court lawsuit (Compl. ¶ 20), whereas the § 1983 cause of action arose solely out of Defendant's filing of the

Accordingly, Defendant is not entitled to fees related to his 12(b)(6) motion to dismiss the § 1983 cause of action.  However, Defendant is entitled to all reasonable attorneys' fees related to the anti-SLAPP motion.

### 2. Amount of Fees

Defendant submits billing statements, which document the work related to the anti-SLAPP motion.  (Deitz Decl., Ex. 3; Deitz Decl. ¶ 7.)  The applicable hourly rates are $185.00 and $150.00 per hour for attorneys, and $85.00 per hour for paralegals.  (Deitz Decl., Ex. 3.)  Defendant incurred the following fees and costs: $5,602.50 in fees for drafting the anti-SLAPP motion and reply brief and appearing at the hearing; $215.40 in related costs; and $555.00 in bringing this motion for attorneys' fees.  (Deitz Decl. ¶¶ 7, 10.)   These fees and costs total $6,372.90, and the Court finds these attorneys' fees reasonable.

However, the Court declines to award an additional $1,850.00 (10 hours at $185.00 per hour), which is the amount Defendant has estimated for work "that has yet to be billed for the completion of this motion, the preparation of reply papers and an appearance at the hearing." (Deitz Decl. ¶ 10.)  Defendant has not filed a reply, and the Court did not hold oral argument on the motion for attorneys' fees.  In addition, Defendant has not submitted supplemental documentation of the additional hours his attorneys spent completing this motion.

## CONCLUSION

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's First Amended Complaint with prejudice.  The Court further GRANTS Defendant's motion for attorneys' fees and costs, and awards Defendant $6,372.90.

**IT IS SO ORDERED.**

DATED: July 13, 2010

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**

---

Request for Dismissal.