**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MICHAEL R. COULTER,

Plaintiff,

vs.

GREGORY L. MURRELL; MICHAEL RODDY, Executive Officer-Clerk of Superior Court of California-County of San Diego,

Defendants.

CASE NO. 10-CV-102-IEG (NLS)

**ORDER DENYING DEFENDANT MICHAEL RODDY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

[Doc. No. 27]

Presently before the Court is Defendant Michael Roddy's ("Roddy") motion to dismiss Plaintiff Michael Coulter's ("Plaintiff") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 27.) Plaintiff has filed an opposition, and Roddy has filed a reply.

This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons set forth herein, the Court DENIES the motion to dismiss.

**FACTUAL BACKGROUND**

The following facts are drawn from Plaintiff's First Amended Complaint ("FAC"). This matter stems from Plaintiff's lawsuit in the San Diego County Superior Court against the Estate of

Daniel T. Shelley for money owed him from a partnership. Defendant Gregory Murrell ("Murrell") was the attorney representing the estate of Daniel T. Shelley in Plaintiff's state court action.

According to Plaintiff, in May of 2009, Murrell obtained a "request for dismissal" of the state court action executed by Plaintiff on an outdated form, knowing the form would not be accepted by the superior court clerk's office. Plaintiff alleges Roddy, the Executive Officer of the clerk's office, enacted and enforced "policies, regulations and customary practices" which caused the clerk's office employees to "improperly and illegally deny filing" the request for dismissal.

Murrell's and Roddy's actions allegedly prevented Plaintiff from proceeding with the state court action, in violation of his due process rights. In addition, during the six-month period between when Plaintiff signed the request for dismissal form in May of 2009 and when the state court finally dismissed the action in November of 2009, the Estate of Daniel T. Shelley was depleted, leaving nothing to satisfy his claims.

**PROCEDURAL BACKGROUND**

On January 14, 2010, Plaintiff proceeding *pro se* and *in forma pauperis* filed a Complaint in this Court against Defendants Roddy, Murrell, and Agda Shelley (Daniel T. Shelley's wife). The original Complaint alleged eight causes of action: (1) violation of 42 U.S.C. § 1983; (2) fraud; (3) breach of contract; (4) partnership accounting; (5) money had and received; (6) conspiracy; (7) negligence; and (8) a request for preliminary and permanent injunctions. (Doc. No. 1.)

On February 4, 2010, Murrell filed an anti-SLAPP special motion to strike and a Rule 12(b)(6) motion to dismiss. (Doc. No. 6.) The Court granted Murrell's anti-SLAPP motion, and dismissed Plaintiff's fraud and conspiracy claims. The Court also granted the motion to dismiss Plaintiff's § 1983 cause of action, finding Plaintiff had not sufficiently alleged Murrell, a private attorney, was acting under color of state law. (Doc. No. 21.)

On April 20, 2010, Plaintiff filed the FAC, alleging one cause of action for violation of § 1983 against Roddy and Murrell. Murrell moved to dismiss the FAC. The Court granted the motion, because Plaintiff's FAC again failed to sufficiently allege state action as to Murrell.

On June 3, 2010, Roddy filed the instant Rule 12(b)(6) motion to dismiss.

//

## DISCUSSION

### I. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

### II. Analysis of Motion to Dismiss

Roddy moves to dismiss Plaintiff's § 1983 claim, based on four arguments: (1) Plaintiff's claim is barred by the state's sovereign immunity; (2) the Court has no jurisdiction over this case under the Rooker-Feldman doctrine; (3) the Court should abstain from adjudicating this case under Younger v. Harris, and (4) Plaintiff fails to sufficiently allege a conspiracy between Roddy and Murrell. For the reasons below, these arguments lack merit.

#### A. Sovereign Immunity

Roddy argues sovereign immunity bars Plaintiff's claims, because the Eleventh Amendment of the United States Constitution prohibits suits against a state and its agencies and departments. Roddy contends the state Superior Court is part of the judicial branch of the state of

California, and state immunity extends to state officers, such as Roddy, who act on behalf of the state.

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). Although the Eleventh Amendment bars damages actions against state officials in their official capacity, see Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007),[2] the Eleventh Amendment does not bar damages actions against state officials in their personal capacity, see Hafer v. Melo, 502 U.S. 21, 30-31 (1991). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). Where the plaintiff is seeking damages against a state official, a strong presumption is created in favor of a personal-capacity suit because an official-capacity suit for damages would be barred. See Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994) (citing Price, 928 F.2d at 828); Cerrato v. S. F. Cmty. Coll. Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994).

Here, because Plaintiff's FAC seeks money damages, but does not specifically allege the capacity in which Roddy is being sued, the Court presumes Plaintiff is suing Roddy in his personal capacity.[3] Roddy argues a suit purportedly against an individual official is actually one against the state if the judgment sought would interfere with the public administration or effectively restrain the state from acting. Dugan v. Rank, 372 U.S. 609, 620 (1963). Roddy contends that because Plaintiff premises his claim upon enforcement of "policies, regulations and customary practices," any injunction or declaratory relief ordering Roddy not to reject dismissals on outdated forms would operate against the state itself. This argument is irrelevant, because Plaintiff's FAC does not seek injunctive or declaratory relief. The FAC seeks only money damages, and "further relief as the Court may deem proper." (FAC at 5:22-6:3.) In addition, the Ninth Circuit has held that state officers are not absolutely immune from personal liability under § 1983 "solely by virtue of

[2] There is an exception for suits against state officials seeking prospective declaratory or injunctive relief. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

[3] The caption of the FAC names "Michael Roddy, Executive Officer-Clerk of Superior Court of California-County of San Diego."

the 'official' nature of their acts." Hafer, 502 U.S. at 31 (rejecting the argument that the lawsuits, "although brought against state officials in their personal capacities, were in substance actions against the [state] and therefore barred by the Eleventh Amendment").

Therefore, the Eleventh Amendment does not bar Plaintiff's claim against Roddy in his personal capacity.

**B. Rooker-Feldman Doctrine**

Roddy contends the Court has no jurisdiction over this action under the Rooker-Feldman doctrine, because Plaintiff cannot challenge a state court judgment in federal court.

The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic. Indus. Corp., 544 U.S. 280, 284 (2005). This is a jurisdictional issue, which the Court must consider. Id. at 293. The Rooker-Feldman doctrine includes three requirements: (1) "[T]he party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party"; (2) "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment"; and (3) "the federal claim must not be parallel to the state-court claim." Lance v. Dennis, 546 U.S. 459, 462 (2006). A federal claim is "inextricably intertwined" with the state court's decision where "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008).

The requirement that the claim raised in the federal suit was actually raised or "inextricably intertwined" with the state-court judgment is not satisfied here. Roddy contends Plaintiff's § 1983 claim is "inextricably intertwined" with the state court judgment, because Plaintiff seeks to attack the validity of the state court's dismissal with prejudice of the state court action, based on an alleged error in rejecting a document for filing. However, Plaintiff's FAC does not seek to reverse or nullify the dismissal of Plaintiff's state court action. Rather, Plaintiff's FAC seeks money damages based on Defendant's policies and practices relating to the acceptance of outdated forms,

which Plaintiff alleges violated his due process rights. The state court never adjudicated this issue. Therefore, adjudication of this claim would not undercut a state ruling or require this Court to interpret the state court's application of state laws or procedural rules.

Accordingly, the Rooker-Feldman doctrine is inapplicable to this case and does not bar Plaintiff's § 1983 claim.

**C. Younger Abstention**

Roddy briefly argues this Court should abstain from adjudicating this case under Younger v. Harris, 401 U.S. 37 (1971), because Plaintiff has filed several cases which are pending in state court.

Younger v. Harris and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). The inquiry is threefold: federal courts may abstain where state proceedings (1) are pending, (2) implicate important state interests, and (3) provide the plaintiff with an adequate opportunity to litigate federal claims. Id. at 432. Each of these elements must be satisfied to justify abstention. AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).

Here, Younger abstention is not justified, because the state actions do not provide Plaintiff with an adequate opportunity to litigate this federal claim. The federal issue of whether Plaintiff's due process rights were violated by the failure to file the request for dismissal form was not raised in these pending state actions. Also, this federal issue does not arise from the same event or transaction as the pending state court actions, which involve Plaintiff's partnership with Daniel T. Shelley and Murrell's alleged misrepresentations to induce Plaintiff to settle the state court action.[4]

[4]Defendant does not submit copies of the complaints filed in state court, but does file other documents from state court relating to those actions. According to these documents, Plaintiff's first state court action, filed on April 15, 2009, was for breach of contract and "claim and delivery" against Agda Shelley, D&A Family Trust, and the Estate of Daniel T. Shelley. Plaintiff executed a request for dismissal in May of 2009, and the Court entered the dismissal in November of 2009.

On June 23, 2009, Plaintiff filed a second state court action for conspiracy, fraud, breach of contract, "claim and delivery," partnership accounting, and money had and received against Murrell and Agda Shelley. The dismissal of the second state court action is pending on appeal in the California Court of Appeal.

(continued...)

Therefore, Younger abstention is not appropriate.

**D. Section 1983**

Roddy argues Plaintiff fails to sufficiently plead a cause of action for violation of § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 328 (1986)).

Roddy's only argument is that Plaintiff fails to sufficiently allege a conspiracy between Roddy and Murrell. Roddy cites Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003), for the proposition that conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient to support a § 1983 claim. However, in Simmons, the Ninth Circuit held that such conclusory allegations were insufficient to support a § 1983 claim against a *private attorney who was not acting under color of state law*. Id. Here, Roddy does not dispute that as Executive Officer of the clerk's office, he was acting under color of state law with respect to the allegedly unlawful conduct.

Thus, the only issue is whether Plaintiff sufficiently alleged Roddy's conduct violated Plaintiff's rights under the Constitution or federal law. Construing the FAC in light most favorable to Plaintiff, as the Court must, the § 1983 claim against Roddy does not depend on a conspiracy theory. Indeed, Plaintiff only alleges the clerk's office confirmed for Murrell that the outdated form would not be accepted. (FAC ¶ 5.) Plaintiff alleges Roddy, by enacting and enforcing certain policies and practices, caused the deprivation of Plaintiff's due process rights. (FAC ¶ 3.) The motion to dismiss does not address whether Plaintiff states a claim under this theory.[5]

---

[4](...continued)
Plaintiff also filed a couple other related cases in state Superior Court. On July 13, 2009, Plaintiff filed a complaint on the rejected claim for $30,000 under Daniel T. Shelley's will and trust. On August 8, 2009, Plaintiff filed a creditor's claim against the Estate of Daniel T. Shelley.

[5]Roddy's argument that Plaintiff fails to sufficiently allege a cause of action under the (continued...)

Therefore, Roddy's argument that the Court should dismiss Plaintiff's FAC because he does not sufficiently allege a conspiracy fails.

**CONCLUSION**

For the reasons stated above, the Court DENIES Roddy's motion to dismiss Plaintiff's FAC.

**IT IS SO ORDERED.**

**DATED: July 27, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

[5](...continued)
Racketeer Influenced and Corrupt Organizations Act is immaterial, as the Court does not interpret Plaintiff's FAC as encompassing a claim under that statute.