UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. COULTER,<br><br>            Plaintiff,<br>v.<br><br>GREGORY L. MURRELL; MICHAEL<br>RODDY, Executive Officer-Clerk of Superior<br>Court of California-County of San Diego,<br><br>           Defendants. | Civil No.10-102 IEG (NLS)<br><br>**ORDER GRANTING THIRD PARTY<br>MOTION TO QUASH SUBPOENAS**<br><br>[Doc. Nos. 54 & 55.] |

    Presently before the Court is a Third Party Motion to Quash Subpoenas, or in the alternative to Issue a Protective Order, filed by Agda Shelley, a non-party, against Michael Coulter, Plaintiff. [Doc. No.54.] Mr. Coulter has subpoenaed the medical records of Ms. Shelley's deceased husband, Daniel Shelley, from two hospitals. Ms. Shelley has also requested reasonable attorney's fees. Pursuant to an Order issued by this Court on January 4, 2011, Mr. Coulter was given an opportunity to file a Response to the motion and the request for attorney's fees. [Doc. No. 56.] Mr. Coulter has filed a Response, albeit four days late. [Doc. No. 60.] In the interests of justice, the Court has considered Mr. Coulter's Response but emphasizes that Court deadlines must be observed and that any future non-compliance may result in penalties. Having read the papers, and for the reasons stated below, the Court **GRANTS** the motion to quash along with attorney's fees.

///

///

**BACKGROUND**

This case arose from a lawsuit filed by Mr. Coulter in the San Diego County Superior Court against the Estate of Daniel T. Shelley, for money allegedly owed to Mr. Coulter from a partnership with Daniel Shelley, his half-brother. [Doc. No. 23.]; (First Amended Complaint ("FAC")). Defendant, Gregory Murrell, whose motion to dismiss was granted and with whom Coulter has now settled, was the Estate's attorney.

Mr. Coulter and his son David signed a dismissal of the state lawsuit against Ms. Shelley and the Estate based on an agreement that the Estate would transfer $30,000 to David. Subsequently, Mr. Coulter sued Ms. Shelley and Mr. Murrell alleging misrepresentations were made to him regarding the dismissal. The action was dismissed pursuant to Civil Code section 425.16 ("Anti-SLAPP").

In the FAC Mr. Coulter has filed in this Court, he claims Michael Roddy, the Clerk of the Superior Court, conspired with Mr. Murrell to prevent the litigation of his state lawsuit against the Estate, thereby violating his due process rights. Mr. Coulter claims Mr. Roddy's office intentionally sent him an outdated dismissal form, that consequently the form was not filed, and ultimately he was prevented from moving to vacate the dismissal and proceed with the case. Mr. Coulter further claims Mr. Murrell knew the form was outdated and that it would not be accepted for filing. (FAC at ¶¶ 3 & 4.)

On July 13, 2010, Mr. Murrell's motion to dismiss was granted. [Doc. No. 34.] Mr. Coulter's appeal of the dismissal was denied based on lack of jurisdiction on September 14, 2010. [Doc. No. 43.] Subsequently, Mr. Coulter settled the case with Mr. Murrell but continues to litigate against Mr. Roddy pursuant to this Court's Scheduling Order issued on October 25, 2010. [Doc. No. 49.] On November 19, 2010, Mr. Coulter served subpoenas on the Custodian of Records at both Scripps Memorial and Scripps Mercy Hospitals seeking 32 categories of documents consisting of the medical records of Daniel Shelley in January 2006 and February 2009. [Doc. No. 54 at 4-5.] At the beginning of December Mr. Coulter again subpoenaed the same documents from the same hospitals. These subpoenas supposedly superceded and replaced the prior two served in November. [Doc. No. 54 at 6.] Ms. Shelley seeks to quash the subpoenas. [Doc. Nos. 54.] Mr. Coulter has filed a response in Opposition. [Doc. No. 60.]

**DISCUSSION**

I.   *Standing*

Mr. Coulter argues Ms. Shelley has no standing to bring the motion to quash because she has "no valid claim relating to the property or transaction that is the subject of this action." (Doc. No. 60 at 2.) Ms. Shelley asserts a right to intervene pursuant to Rule 24(a)'s Intervention of Right.[1]

A.  Intervention of Right

Federal district courts have permitted third parties to intervene under Rule 24(a) by filing a motion to quash for the limited purpose of protecting a personal interest or privilege. *See e.g.*, *Torah Soft Ltd. v. Drosnin*, 2001 WL 1425381 at *2 (S.D.N.Y. Nov. 14, 2001) (intervention of right by non-party requires that non-party have interest in subject matter, application must be timely, applicant's interest may be impeded by decision, and applicant's interest not adequately protected by the existing parties). Regardless of whether a third party proceeds pursuant to Rule 24, courts have taken the position that while a motion to quash a subpoena is normally to be made by the person or entity to which the subpoena is directed an exception applies "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D.Kan.1995); *see also Brown v. Braddock,* 595 F.2d 961, 967 (5th Cir. 1979*); U.S. v. Gordon*, 247 F.R.D. 509 (E.D.N.C. 2007); *Durand v. Wal-Mart Associates*, Inc., 2009 WL 2181258 at * 1 (S.D. Miss. July 22, 2009). Thus, although Mr. Coulter argues it is the hospital that should be properly bringing the motion, Ms. Shelley may also bring the motion as long as she is able to meet the personal interest or privilege requirement.

Mr. Coulter argues Ms. Shelley cannot assert a physician-patient privilege over Daniel Shelley's medical records because that privilege does not attach in federal cases. It is true that in federal question civil cases, federally evolved rules on privilege are controlling, and there is no federal common law physician-patient privilege. *See* Fed. R. Evid. 501, Advisory Committee Notes 2010; *Whalen v. Roe*, 429 U.S. 589, 602 n. 28(1977) ("The physician-patient privilege is unknown to the common law."). Nor did HIPPA create such a privilege. *U.S. exrel. Block v. Del Campo*, 2010 WL 2698295 at *3 (N.D. Ill.July 7, 2010). Recognition of privilege based on a confidential relationship should be determined on a case by case basis. Rule 501, Advisory Committee Rules 2010.

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

In this case, regardless of whether there is a recognizable physician-patient privilege, as the wife of Daniel Shelley and the executor and personal representative of his Estate, Ms. Shelley has a personal interest in securing the privacy of her deceased husband's medical records. Mr. Roddy, as the only remaining defendant, does not represent this interest because the claim against him is one of conspiracy to deprive Mr. Coulter of his due process right to pursue a lawsuit against the Estate. *See Torah Soft, Ltd.*, 2001 WL 1425381 at *2 (non-party applicant's interest must not be adequately protected by existing party).

The Court thus allows Ms. Shelley's intervention for the limited purpose of opposing Mr. Coulter's subpoena.

B.   Protective Order

Even if Ms. Shelley lacked standing to bring a motion to quash Mr. Coulter's subpoenas, she has alternatively sought a protective order. This is a remedy that is available to "any person" who is able to establish good cause for issuance of the protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . .." Rule 26(c). "Thus, a motion for a protective order...does not seek to vindicate a non-party's right to resist the compulsory process of the court, . . . [i]nstead, the motion seeks to place reasonable limits on the discovery process." *Durand*, 2009 WL 2181258 at *1,(internal quotations and citations omitted*).*

Ms. Shelley would therefore also have standing under Rule 26 to seek issuance of a protective order.

C.   Rule 45

Rule 45 sets forth the duties and obligations of parties issuing subpoenas and non-parties responding to subpoenas. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Proc. 45(c)(1). "On timely motion, the issuing court must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter. . .(iv) subjects a person to undue burden." Rule 45(c)(3)(A). Additionally, non-parties deserve extra protection from the courts. *High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995)(awarding sanctions against party who failed to avoid burden to non-party), citing *U.S. v. C.B.S.*, 666 F.2d 364, 371-72 (9th Cir.1982). Ms. Shelley's motion is also pursuant to Rule 45 which does not restrict the filing of motions to parties in the case.

///

II.     *Relevance*

Having decided Ms. Shelley has standing to bring her motion before the Court, the issue now is whether there is any merit to the motion. Rule 26(b)(1) states that discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense. . .." In this case, the subpoenas do not satisfy the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (although the Federal Rules allow for broad discovery in civil actions, the party seeking to compel discovery has the burden of establishing that its request is relevant to subject matter).

In the comments to Rule 26(b)(1), the Advisory Committee attempts to further clarify the rule:

> The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action. . . . A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. . . . For example, other incidents of the same type . . . could be properly discoverable if likely to yield or lead to the discovery of admissible information.
>
> ***
>
> [T]he court . . . has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.

Rule 26(b)(1), Advisory Committee Notes, 2000 Amendments.

Here, Daniel Shelley's medical records have no apparent relevance to his Due Process claims against Mr. Roddy.[2] Mr. Coulter asserts that the records are relevant to prove the actual damages he suffered as a result of his lost claims against Ms. Shelley and the Estate. However, Mr. Coulter continues to litigate those allegedly "lost" claims in state court. (FAC at ¶ 4; doc. no. 60-1, Letter to Deborah Giles, counsel for Scripps Hospital.) Thus, it appears that Mr. Coulter obtained the subpoenas in this case for the improper purpose of conducting discovery on his state court claims. In any event, he has failed to establish their relevance in this case, so the court finds good cause to grant the motion to quash. Because the court finds

---

[2] Notably, Mr. Coulter's Exhibit 3, his letter to Deborah Giles, hospital counsel, states the medical records "are being sought for the purpose of proving [Daniel Shelley's] lack of mental capacity sufficient to understand the full impact of what he was doing when he executed the Last Will and the Family Trust, and that Agda Shelley is the subject of ongoing litigation in the state Court to revoke [] probate. . .." [Doc. No. 60-1 at 17.]

the records irrelevant, it does not reach the privilege issues raised in Ms. Shelley's motion.

III.  *Allegations of Bad Faith*

Ms. Shelley claims Mr. Coulter refused to meet and confer or communicate with her about the subpoenas leaving her no choice but to seek court intervention. Mr. Coulter claims Ms. Shelley brought this motion in bad faith because she knew the hospital custodians were not going to release the records.

In light of Mr. Coulter 's refusal to voluntarily withdraw the subpoenas and his threat to bring a contempt action if Ms. Shelley prevented his acquisition of the medical records,[3] the Court finds Ms. Shelley's motion to quash was appropriate and not made in bad faith.

IV.  *Attorney's fees*

The Court finds an award of attorney's fees to be appropriate pursuant to Rule 37(a)(5) which provides for the payment of reasonable attorney's fees to the prevailing party in a discovery dispute. Mr. Coulter's actions were not substantially justified and no other circumstances make an award of expenses unjust. Rule 37(a)(5)(B).

**CONCLUSION**

In conclusion, having thoroughly considered the matter, and finding good cause, the Court **ORDERS** the following:

1. The third party Motion to Shorten Time for a ruling on the Motion to Quash is **GRANTED**.

2. The Motion to Quash the subpoenas served on Scripps Mercy and Scripps Memorial Hospital Custodians of Records to produce the medical records of Daniel T. Shelley is **GRANTED**.

3. Ms. Shelley's request for reasonable attorney's fees is **GRANTED.** In accordance with the declaration filed by Ms. Shelley's attorney, Joshua Herndon, the Court makes an award of $4,920.00 in attorney's fees to be paid by Mr. Coulter to Mr. Herndon within 30 days of the filing date of this Order.

**IT IS SO ORDERED.**

DATED: 2/14/11

Hon. Nita L. Stormes

---

[3] [Doc. No. 54-1 at 6.]

U.S. Magistrate Judge